Robert D. Shoecraft
[California Bar No. 96217]
*rshoecraft@sbcivillaw.com*
Rachael K. Kelley
[California Bar No. 292718]
*rkelley@sbcivillaw.com*
SHOECRAFT BURTON, LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone (619) 794-2280
Facsimile (619) 794-2278

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., and MCIMETRO ACCESS TRANSMISSION SERVICES LLC<br><br>Plaintiff,<br><br>v.<br><br>ARB, INC. AND SOUTHERN CALIFORNIA GAS COMPANY,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs MCI Communications Services, Inc. and MCImetro Access Transmission Services LLC (collectively "MCI"), for their Complaint against Defendants ARB, Inc. ("ARB") and Southern California Gas Company ("SCG"), allege and state as follows:

## **JURISDICTION**

1. Plaintiff MCI Communications Services, Inc. is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

2. Plaintiff MCImetro Access Transmission Services LLC is a Delaware limited liability company with its principal place of business in Basking Ridge, New Jersey.

3. MCImetro Access Transmission Services LLC's sole member is Verizon Business Network Services, Inc., a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

4. MCImetro Access Transmission Services LLC's sole member is Verizon Business Network Services, Inc., a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

5. ARB is a California corporation with its principal place of business in Lake Forest, California.

6. SCG is a California corporation with its principal place of business in Lake Forest, California.

7. The acts and/or omissions giving rise to this action occurred in or near Los Angeles, Los Angeles County, California.

8. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). This Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (c)(2).

## GENERAL FACTUAL BACKGROUND

10. MCI is a telecommunications company which provides telecommunications services through a nationwide network of fiber-optic cable.

11. On or about November 28, 1988, MCI's predecessor, WTG-West, Inc. ("WTG"), entered into an agreement with SCG whereby WTG purchased certain sections of SCG's gas pipeline system which SCG was no longer using. The sections of SCG's gas pipeline system WTG purchased included a gas pipeline which runs along West Avenue 26 in Los Angeles, California (the "Pipeline").

12. In the area where West Avenue 26 crosses with the Arroyo Seco Channel, the Pipeline is attached to the underside of a bridge which crosses the Arroyo Seco Channel (the "Avenue 26 Bridge").

13. Subsequent to November 1988, WTG, pursuant to a permit from the City (the "Permit"), installed a fiber-optic telecommunications cable in the Pipeline (the "MCI Cable").

14. MCI has succeeded to all WTG's right, title and interest in the Pipeline and the MCI Cable. MCI has, at all times relevant to this action, owned and operated the Pipeline and the MCI Cable.

15. On or about August 1, 1996, another of MCI's predecessors, WorldCom Network Services, Inc. ("WorldCom"), entered into an IRU and Maintenance Agreement (the "IRU Agreement") with IXC Carrier, Inc. ("IXC"). Pursuant to the IRU Agreement and various amendments thereto, IXC obtained the right to install a fiber-optic telecommunications cable in certain conduits owned by WorldCom, including the Pipeline.

16. Pursuant to the IRU Agreement and various amendments thereto, IXC granted WorldCom an exclusive, unrestricted and indefeasible right to use certain fibers within any fiber-optic telecommunications cable IXC installed in the Pipeline (the "Leased Fibers").

17. Subsequent to August 1, 1996, IXC installed a fiber-optic telecommunications cable in the Pipeline (the "IXC Cable"). MCI has succeeded to all of WorldCom's rights under the IRU Agreement, including, but not limited to, the exclusive, unrestricted and indefeasible right to use the Leased Fibers which are a part of the IXC Cable.

18. On or about September 20, 2007, the City of Los Angeles (the "City") notified SCG that the City intended to seismically retrofit the Avenue 26 Bridge and instructed SCG to remove all of SCG's abandoned gas pipelines from the

Avenue 26 Bridge on or before October 31, 2013. At that time, SCG no longer owned the Pipeline where it was attached to the Avenue 26 Bridge, and had not owned the Pipeline where it was attached to the Avenue 26 Bridge since November 28, 1988.

19. On information and belief, SCG engaged ARB to remove SCG's abandoned gas pipelines from the Avenue 26 Bridge.

20. On December 26, 2013, ARB was, on information and belief, working under the supervision and control of, and for the benefit of, SCG to remove abandoned gas pipelines owned by SCG from the Avenue 26 Bridge. SCG is therefore vicariously liable for the acts and omissions of ARB.

21. On information on belief, on December 26, 2013, ARB, at the instruction of and/or with the knowledge of SCG, intentionally cut through the Pipeline to remove it from the Avenue 26 Bridge, even though MCI now owned Pipeline and was operating the Pipeline as conduit for the MCI Cable and the IXC Cable. In so doing, ARB also severed the MCI Cable and the IXC Cable which contained the Leased Fibers.

22. On information and belief, SCG instructed or allowed ARB to cut through the Pipeline even though SCG knew that SCG no longer owned the Pipeline, that MCI now owned the Pipeline, that the Pipeline was not abandoned, that MCI was now using the Pipeline as a conduit for fiber-optic telecommunications cables, and that cutting into the Pipeline posed a substantial, if not certain, risk of damage to the MCI Cable, to the IXC Cable and to the Leased Fibers.

## FIRST CLAIM FOR RELIEF
### (Nuisance)

23. MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 22 above.

24. Defendants' actions interfered with and obstructed MCI's rights to the undisturbed use and possession of Pipeline, the MCI Cable and the Leased Fibers.

25. As a result of Defendants' acts and/or omissions, MCI has sustained disturbance to its rights to the undisturbed use and possession of Pipeline, the MCI Cable and the Leased Fibers and damage to, and loss of use of the Pipeline, the MCI Cable and the Leased Fibers which have resulted in actual damages to MCI in excess of $75,000.00.

26. Defendants' actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

WHEREFORE, MCI prays this Court grant judgment in its favor over and against Defendants on MCI's First Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount deemed sufficient to punish Defendants for their actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

### (Trespass to Chattels)

27. MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 26 above.

28. Defendants' actions interfered with and substantially diminished MCI's materially valuable interest in the physical condition, quality and value of the Pipeline, the MCI Cable and the Leased Fibers and deprived MCI of the use of the Pipeline, the MCI Cable and the Leased Fibers.

29. As a result of Defendants' acts and/or omissions, MCI has sustained damage to and loss of use of the Pipeline, the MCI Cable and the Leased Fibers which have resulted in actual damages to MCI in excess of $75,000.00.

30. Defendants' actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

WHEREFORE, MCI prays this Court grant judgment in its favor over and against Defendants on MCI's Second Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount deemed sufficient to punish Defendants for their actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

## THIRD CLAIM FOR RELIEF

### (Negligence)

31. MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 30 above.

32. On information and belief, ARB was negligent by, among other things:

   a. Failing to plan the removal of the abandon gas pipelines owned by SCG from the Avenue 26 Bridge in such a way as to avoid damage to or interference with the Pipeline, the MCI Cable and the Leased Fibers;

   b. Failing to determine whether SCG actually owned the Pipeline and whether the Pipeline was therefore one of the abandoned gas pipelines the City had instructed SCG to remove from the Avenue 26 Bridge before cutting through it and severing the MCI Cable and IXC Cable containing the Leased Fibers;

   c. Failing to determine whether the Pipeline was actually abandoned and no longer being used for any purpose

before cutting through it and severing the MCI Cable and IXC Cable containing the Leased Fibers;

    d.    Failing to conduct its work in a careful and prudent manner; and

    e.    Failing to adequately train and supervise its employees and to insure that its employees removed only gas pipelines which were owned by SCG, had been abandoned, and were no longer being used for any purpose;

33.  On information and belief, ARB was negligent by, among other things:

    a.    Failing to plan to plan the removal of the abandon gas pipelines owned by SCG from the Avenue 26 Bridge in such a way as to avoid damage to or interference with the Pipeline, the MCI Cable and the Leased Fibers;

    b.    Failing to instruct ARB that SCG no longer owned the Pipeline and that the Pipeline was therefore not one of the abandoned SCG gas pipelines which was to be remove from the Avenue 26 Bridge;

    c.    Failing to instruct ARB that MCI now owned the Pipeline and that MCI was using the Pipeline as a conduit for the MCI Cable and the IXC Cable containing the Leased Fibers and that the Pipeline was therefore not one of the abandoned SCG gas pipelines which was to be remove from the Avenue 26 Bridge;

    d.    Failing to adequately supervise and control ARB and to insure that ARB removed only gas pipelines which were

owned by SCG, had been abandoned, and were no longer being used for any purpose; and

    e.    Failing to adequately train and supervise its employees who were responsible for instructing ARB as to the work ARB was to perform and for overseeing the work ARB was.

34. As a result of Defendants' acts and/or omissions, MCI has sustained damage to and loss of use of the Pipeline, the MCI Cable and the Leased Fibers which have resulted in actual damages to MCI in excess of $75,000.00.

35. Defendants' actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of MCI's rights and a conscious indifference to the consequences.

WHEREFORE, MCI prays this Court grant judgment in its favor over and against Defendants on MCI's Third Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount deemed sufficient to punish Defendants for their actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF

### (Statutory Liability - California Public Utility Code - Injury to Property of a Telephone Company)

36. MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 35 above.

37. On information and belief, the injury to or destruction of the Pipeline, the MCI Cable and the Leased Fibers, resulted from Defendants' want of proper care preceding and during their work to remove abandoned gas pipelines owned by SCG from the Avenue 26 Bridge.

38. Pursuant to Cal. Pub. Util. Code § 7952, Defendants are liable for all damages MCI has sustained by reason of Defendants' injury to, or destruction of, the Pipeline, the MCI Cable and the Leased Fibers which resulted from Defendants' want of proper care.

WHEREFORE, MCI prays this Court grant judgment in its favor over and against Security on MCI's Fourth Claim for Relief, awarding MCI actual damages in excess of $75,000.00; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

### FIFTH CLAIM FOR RELIEF

### (Statutory Liability - California Public Utility Code - Treble Damages)

39. MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 38 above.

40. On information and belief, Defendants willfully and maliciously, and with conscious disregard of the consequences, damaged the Pipeline, the MCI Cable and the Leased Fibers during their work to remove abandoned gas pipelines owned by SCG from the Avenue 26 Bridge.

41. Pursuant to Cal. Pub. Util. Code § 7951, Defendants are therefore liable to MCI for three times the amount of actual damages MCI has sustained as a result of Defendants' injury to, or destruction of, the Pipeline, the MCI Cable and the Leased Fibers.

WHEREFORE, MCI prays this Court grant judgment in its favor over and against Defendants on MCI's Fifth Claim for Relief, awarding MCI treble damages in excess of $75,000.00; all costs of this action; and such other and further relief as this Court may deem just and proper.

Dated: December 21, 2016.

/s/ *[signature]*
Robert D. Shoecraft [California Bar No. 96217]
*rshoecraft@sbcivillaw.com*
Rachael K. Kelley, Esq. [California Bar No 292718]
rkelley@sbcivillaw.com
SHOECRAFT BURTON, LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone (619) 794-2280
Facsimile (619) 794-2278

ATTORNEYS FOR PLAINTIFFS
MCI COMMUNICATIONS SERVICES, INC. and
MCIMETRO ACCESS TRANSMISSION SERVICES LLC